IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-060 |
| | ) | |
| ANTHONY DAVILA | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Anthony Davila is before the Court charged with one count of Conspiracy, in violation of 18 U.S.C. § 286, eleven counts of False Claims, in violation of 18 U.S.C. § 287, eleven counts of Mail Fraud, in violation of 18 U.S.C. § 1341, and eleven counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. (Doc. no. 1, Indictment). On August 21, 2009, defense counsel filed a "Motion to Determine Mental Competency of Defendant," (doc. no. 35), and on September 1, 2009, the Honorable J. Randal Hall, United States District Judge, ordered that Defendant be placed in a facility to be designated by the United States Bureau of Prisons to undergo a mental examination (doc. no. 37). Dr. Lisa Bellah, licensed psychologist, prepared an extensive forensic report providing specific details about all aspects of the forensic evaluation conducted at the Federal Correctional Institution (FCI) in Fort Worth, Texas.[1] Dr. Bellah's report was provided to the Court and to counsel

---

[1] The report was presented in two parts. The first part of the report, entitled Psychological Evaluation, addressed Defendant's competency to stand trial and gave consideration to Defendant's mental status at the time of the evaluation at the FCI in Fort Worth. (Doc. no. 38, p. 1). The second part of the report, entitled Forensic Evaluation Addendum, addressed only Defendant's mental status at the time of the alleged offenses. (Id. at 1, 12).

for both the government and for Defendant. (Doc. no. 38, filed under seal on Jan. 11, 2010). The Court then set the matter down for a hearing on February 23, 2010.

## I. THE HEARING

Dr. Bellah testified for the government at the February 23, 2010 hearing. Upon presentation of her credentials and without objection from the defense, the Court accepted Dr. Bellah as an expert. Dr. Bellah then provided extensive testimony, subject to cross-examination by defense counsel, concerning the findings in her forensic report. After approximately one and a half months of observation, evaluation, and testing of Defendant at the FCI, Dr. Bellah concluded in her forensic report that Defendant "is competent to proceed." (Doc. no. 38, p. 8). More particularly, Dr. Bellah stated, "While [Defendant] does appear to meet criteria for Schizoaffective Disorder, his symptoms are currently controlled through the administration of psychotropic medication. . . . [Defendant] does currently appear to be able to understand the nature and consequences of the charges against him." (Id. at 10-11). Notably, however, Dr. Bellah also opined that Defendant "is likely to be unwilling to assist his current attorney in the preparation of his defense. However, his stated reasons for not assisting his attorney were not directly caused by symptoms of his mental illness, delusional thinking or paranoia." (Id. at 11). She concluded that although Defendant would likely be a difficult client, "he is able to assist in his defense should he choose to do so." (Id.).

Although the defense did cross-examine Dr. Bellah, no evidence was offered to contradict Dr. Bellah's finding of competency. In fact, while not stipulating to everything in Dr. Bellah's report, defense counsel stated for the record that Defendant agreed with the

2

ultimate finding of competency. However, given the caveat in the report concerning a potential unwillingness of Defendant to work with counsel in preparing a defense, Defendant was placed under oath, and the Court specifically asked Defendant whether he agreed with the conclusions in Dr. Bellah's report concerning competency. Defendant explained that the original request for a competency evaluation was based on a problem he was having with the manner in which he was receiving his psychotropic drugs at the jail to which he had been designated pending trial. However, he also assured the Court that the problem has been resolved; he is now receiving his medication at the appropriate times, allowing him to be engaged and involved in the preparation of his defense during daytime hours other than early in the morning; and although he did not agree with every detail in Dr. Bellah's report, he had no disagreement with the ultimate conclusion that he was competent to stand trial.

## II. ANALYSIS

The issue before the Court is one involving Defendant's competency to stand trial, even though the scope of Judge Hall's examination order was much broader. Title 18 U.S.C. § 4241 provides the standard for determining competency and the consequences for a finding of competency. In pertinent part, the Code section provides:

> **(d) Determination and disposition.**--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

On numerous occasions, the Supreme Court has recognized that "the criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Medina v. California, 505 U.S. 437, 453 (1992); Drope v. Missouri, 420 U.S. 162, 171-72 (1975). The Eleventh Circuit has suggested a two-part analysis to evaluate competency to stand trial: "(1) determination of whether the defendant suffered from a 'clinically recognized disorder,' and, (2) if so, whether the disorder caused the defendant to be incompetent." James v. Singletary, 995 F.2d 187, 188 (11th Cir. 1993) (per curiam) (citing Bundy v. Dugger, 850 F.2d 1402, 1408 (11th Cir. 1988)). As to the second prong of the test, a defendant is considered competent to stand trial if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); see also United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (per curiam) (recognizing Dusky competency standard). Here, Dr. Bellah's report concludes that Defendant does appear to meet the criteria for Schizoaffective Disorder, but his symptoms are controlled with psychotropic medication. Nevertheless, there is no evidence that this disorder has rendered Defendant incompetent.

Therefore, the Court **FINDS** by a preponderance of the evidence that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; Defendant also has a rational, as well as factual, understanding of the proceedings against him. As noted above, both counsel for the government and for the defense, as well as Defendant himself, agreed with the conclusion reached by Dr. Bellah in her forensic report that Defendant is competent to stand trial. Defendant did not present any

witnesses, let alone witnesses to contradict Dr. Bellah's findings that Defendant is competent to stand trial.

## III. CONCLUSION

Based on the testimony at the February 23, 2010 hearing and the conclusions in Dr. Bellah's forensic report, the Court **REPORTS** and **RECOMMENDS** that Defendant be found competent to stand trial pursuant to 18 U.S.C. § 4241.

SO REPORTED and RECOMMENDED this 4th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE