FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 JUL 23 PM 3:45
CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR109-060 |
| ) | |
| ANTHONY DAVILA ) | |

## ORDER

Anthony Davila, who is represented by appointed counsel in this criminal case, has submitted to the Court a "Notice of Conflict of Interest" and an "Affidavit of Bias and Prejudice." Doc. 163. These documents reflect Davila's belief that since the judges of this Court, it's probation officers, the prosecutor, the investigating agents, and defense counsel are all compensated by "the victim" of his crime (the Department of the Treasury), each official has a "pecuniary interest" in the case that could prejudice the outcome of the proceedings in violation of his due process rights. These documents are handwritten and have not been signed by Davila's attorney, and therefore it is evident that he is endeavoring to file them *pro se*. He has no right to do so.

Under this Court's local rules, once a party elects to be represented

by counsel "he may not thereafter appear or act in his own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court." LR 83.6(d). Even absent such a local rule, it is well established that a criminal defendant represented by an attorney has no constitutional or statutory right to "hybrid representation, partly by himself and partly by counsel." 3B Charles A. Wright, Federal Practice and Procedure § 733 (3d ed. 2004); *Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) ("This court has held repeatedly that an individual does not have a right to hybrid representation."); *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) (the "right to counsel and the right to proceed *pro se* exist in the alternative"); *United States v. Zielie*, 734 F.2d 1447, 1454 (11th Cir. 1984). While a court retains the discretion to permit a represented party to also proceed *pro se* in certain instances, this Court generally declines to consider motions or briefs from a represented defendant unless they have been signed and filed by the defendant's attorney, who has independently determined that the motion or brief has merit and is warranted by the facts and applicable law. The Court sees

no reason to depart from that practice here, particularly since the legal position Davila is urging is so patently absurd.[1]

The Court declines to entertain Davila's request that the jury be advised of an alleged "conflict of interest" arising from the fact that the "victim" in this case (the United States) funds all federal salaries. Any further legal argument that Davila wishes to make should be brought to the attention of his attorney. Davila is reminded that counsel has a professional obligation to present to the Court only those motions and arguments that *counsel* independently determines have potential merit. Thus ultimately, it is the attorney, not the client, who determines what legal arguments should be made in the case.

**SO ORDERED** this 23rd day of July, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Davila's argument, if accepted, would deprive the federal government from prosecuting, and the federal courts from hearing, *any* criminal case, for all such cases involve the laws of the United States, and under Davila's peculiar reasoning, all individuals involved in the administration of justice (whether judge, prosecutor, or court-appointed counsel) are compensated out of federal funds and therefore have a disqualifying "pecuniary interest" in the case. No case, and certainly none of the cases cited by Davila, has ever recognized such a remarkable doctrine.

3