IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
     v.                         *       CR 109-060
                                *
ANTHONY DAVILA                  *

## O R D E R

On November 9, 2020, prior to his revocation hearing, Defendant Anthony Davila filed a counseled "Motion to Compute First Step Credit." (Doc. No. 204.) The Government opposed the motion. The Court heard further argument from counsel at Defendant's revocation hearing on November 19, 2020, whereupon the motion was denied. At the hearing, the Court informed the parties that it would issue this written Order to supplement its oral ruling.

On November 15, 2010, Defendant was sentenced to serve a term of 115 months in prison followed by three years of supervised release upon his plea of guilty to conspiracy to defraud the Government with respect to false individual federal income tax returns. Defendant was released from federal custody on September 22, 2017 to begin his supervised release term.

On July 2, 2020, the Court issued an arrest warrant upon allegations that, *inter alia,* Defendant had been arrested and charged with simple battery (family violence) on June 6, 2020. As mentioned, the Court scheduled Defendant's revocation hearing for

November 19, 2020. Through the motion under consideration, Defendant asked that the United States Probation Office compute the good-time credit he would have received if the First Step Act of 2018 had been enacted while he was incarcerated during his original term of imprisonment.

The First Step Act of 2018 was enacted on December 21, 2018, and the provisions affecting the calculation of good-time credits did not take effect until 210 days thereafter (i.e. July 19, 2019), a time period given to the Attorney General to complete the "risk and needs assessment system." First Step Act §§ 101(a) and 102(b)(2). Defendant was released from confinement well before this effective date. Nevertheless, Defendant sought a computation of good-time credit he would have been entitled to had he been in prison when the First Step Act took effect so that it would be given "significant consideration" by the Court. (Br. in Supp. of Mot. to Compute, Doc. No. 204-1, at 2.) Defendant essentially asked that this newly computed good-time credit be applied against any imposed term of imprisonment on revocation.[1]

---

[1] Defendant's previously filed pro se motion sought a different form of relief. (See Doc. No. 192.) He argued that he would not have been arrested for a supervised release violation had his supervised release term been credited and therefore shortened by the application of newly computed good-time credit. That is, he claimed that the arrest warrant on revocation was "executed" after his supervised release period should have expired. (See id.) Defendant therefore challenged the legality of his arrest and detention.

2

The Government opposed the motion and cited persuasive authority that good-time credits earned on an original sentence cannot be used to shorten the term of supervised release or any future term of imprisonment for violation of supervised release. (See Gov't Resp. in Opp'n, Doc. No. 205, at 2-3 (citing Hamani v. Smalley, 2020 WL 2732073, at *2 (D.N.J. May 26, 2020) (citing, in turn, United States v. Johnson 529 U.S. 53, 58-59 (2000) (disallowing credit against supervised release term for excess prison time))); see also Garland v. Johnson, 2019 WL 5106274, at *1 (W.D. La. Aug. 12, 2019) (citing 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.")). Further, the Court agrees with the rationale of Bowlings v. Hudgins, 2020 WL 1918248, at *4 (N.D. W. Va. Mar. 16, 2020), which declined to credit a petitioner with additional good-time credit from the original sentence completed prior to the enactment of the First Step Act because "the revocation sentence is a new and separate sentence that does not 'reactivate' an original sentence." "To hold otherwise would unjustly enrich the petitioner for new criminal conduct." Id. Indeed, the deterrent and punitive purposes of a sentence would

3

not be achieved if a defendant were allowed to build a "time bank," as described by the Government, and commit a new crime knowing he had already served his time in advance of the violation. Cf. United States v. Johnson, 529 U.S. 53, 60 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").

In short, Defendant's request to compute good-time credit for a sentence that has already been satisfied is contrary to federal law and the interests of justice. Defendant Anthony Davila's motion to compute (doc. no. 204) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of November, 2020.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE