IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY DAVILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-179 |
| | ) | (Formerly CR 109-060) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Jesup Federal Correctional Institution in Jesup, Georgia has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

On November 15, 2010, Chief United States District Judge J. Randal Hall sentenced Petitioner to 115 months of imprisonment, three years of supervised release, $423,530.63 in restitution, and a $100 special assessment in connection with a conviction for conspiracy to defraud the Government by filing false income tax returns. United States v. Davilla, CR 109-060, doc. no. 95 (S.D. Ga. Nov. 16, 2010) (hereinafter "CR 109-060"). The judgment

entered on November 16, 2010. Id. Petitioner filed a direct appeal. Id., doc. no. 96. The Eleventh Circuit affirmed the conviction. Id., doc. no. 184.

On July 2, 2020, the Government moved to revoke the supervised release of Petitioner. Id., doc. nos. 188, 190. On November 19, 2020, United States District Judge Dudley H. Bowen, Jr. found Petitioner committed five violations of his supervised release conditions, revoked Petitioner's supervised release, and sentenced Petitioner to twenty-four months of imprisonment. Id., doc. no. 210, pp. 1-2. The judgment entered on November 24, 2020. Id. Petitioner did not file a direct appeal. (Doc. no. 1, p. 1.)

Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence on December 8, 2020, claiming defense counsel was ineffective during the revocation proceedings for failing to investigate and present exculpatory evidence, and failing to object to the Court's findings of fact. (Id. at 3-6.) Respondent moves to dismiss the § 2255 motion, arguing Petitioner had no right to effective assistance of counsel because there is no constitutional right to counsel in a revocation hearing. (Doc. no. 4.) The Court agrees dismissal is proper on this basis.

## II.    DISCUSSION

Under Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The Advisory Committee Notes for Rule 4 state "[s]ince the [§ 2255] motion is part of the criminal action in which was entered

the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion."

A claim for ineffective assistance of counsel requires a showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). "The Supreme Court has long held that there is no constitutional right to counsel in post-conviction proceedings, even in capital cases, which necessarily means that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the effective assistance of counsel in such proceedings." Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 944 (11th Cir. 2014). Since a revocation of supervised release proceeding is a post-conviction proceeding, and not a "stage" in a criminal prosecution, a "defendant has no sixth Amendment right to counsel at such proceeding." Brigdon v. United States, CV 411-012, doc. no. 45, 2011 WL 1456184 (S.D. Ga. Mar. 28, 2011), *adopted by*, doc. no. 49, 2011 WL 1456177 (S.D. Ga. Apr. 14, 2011) (citing Gagnon v. Scarpelli, 411 U.S. 778, 787-88 (1973), Jones v. Wainwright, 604 F.2d 414, 416 (5th Cir. 1979), and United States v. Meeks, 25 F.3d 1117, 1123 (2d Cir. 1994)) (finding no Sixth Amendment right but noting possible due process right to counsel).

Without a Sixth Amendment right to effective counsel, Petitioner is not entitled to relief for ineffective assistance of counsel, as relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th

Cir. 2004) (quotation omitted); see also  Brigdon, 2011 WL 1456184 at *2 (dismissing petition because there is no constitutional right to counsel at revocation hearing); Lee v. United States, No. 93-232, 2006 WL 2175586, at *2 (M.D. Fla. July 31, 2006) (same); United States v. Allgood, 48 F. Supp. 2d 554, 559-560 (E.D. Va. 1999) (same).  Petitioner claims no other constitutional violations; therefore, his petition should be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 4), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 23rd day of February, 2021, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA